IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Xu Guangshi, | Case No.1:11 CV 1408 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Eric Holder, et al., | |
| Respondents. | |

### INTRODUCTION

*Pro se* Petitioner Xu Guangshi filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Petitioner names U.S. Attorney General Eric Holder, Department of Homeland Security Secretary Janet Napolitano, and Rebecca Adducci, U.S. Immigration and Customs Enforcement Field Office Director for the District of Ohio ("Respondents"). Petitioner seeks immediate release from custody. Additionally, Petitioner filed a Motion to Proceed *in Forma Pauperis* (Doc. No. 2).

Respondents filed a Motion to Dismiss Case as Moot (Doc. No. 4). For the reasons set forth below, Respondents' Motion is granted.

### BACKGROUND

Petitioner is a native of China. He arrived in the United States in 2005. Petitioner submitted an application for asylum, but was denied.

A final Order of Removal was issued on February 24, 2010. Petitioner claims he has been in custody since March 7, 2011. He complains the Chinese embassy will not release travel documents he needs for his removal and argues his continued detention violates Section 241(a)(6) of the Immigration and Nationality Act, as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Additionally, Respondents' failure to release him violates his right to substantive due process.

Petitioner was removed from the United States on August 1, 2011. Respondents argue his release extinguishes this Court's jurisdiction over Petitioner's habeas claim and moots the Petition.

## DISCUSSION

Under the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act, deporting an alien while his petition for habeas corpus is pending neither deprives the court of jurisdiction nor does it necessarily render moot the claims in that petition. *United States v. Garcia-Echaverria*, 374 F.3d 440, 450 (6th Cir. 2004). But for a court to exercise habeas jurisdiction, the petitioner must demonstrate he was in custody at the time he filed the petition and his release did not render the petition moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Since it is clear Petitioner was in custody at the time he filed his Petition, the only question is whether this case is now moot. *Id.*

Petitioner sought immediate release from continued detention and challenged the manner in which he was still being held. This Court cannot grant Petitioner's requested relief. Once he was deported, it was no longer necessary to address his continued detention under *Zadvydus* or his rights to substantive due process. As the Supreme Court has held, neither issue falls within an exception to the mootness doctrine. *See, e.g.*, *Weinstein v. Bradford*, 423 U.S. 147, 148–49 (1975) (where appeal presents an issue capable of repetition but evading review). The exception only applies where:

2

"(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. at 149. Once Petitioner was deported from the United States, this Court could no longer grant his requested relief. *See Carras v. Williams*, 807 F.2d 1286, 1288 (6th Cir. 1986) (mootness results during pendency of litigation when events render court unable to grant requested relief).

## CONCLUSION

Respondents' Motion to Dismiss (Doc. No. 4) is granted and this action is dismissed. Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is also denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 4, 2011